571 A.2d 1303

IN THE MATTER OF LESLIE A. DIENES, AN ATTORNEY AT LAW.

Argued January 18, 1990—Decided April 6, 1990.

*Richard J. Engelhardt,* Assistant Ethics Counsel, argued the cause on behalf of Office of Attorney Ethics.

*S.M. Chris Franzblau* argued the cause for respondent (*Greenberg Margolis,* attorneys).

PER CURIAM.

This matter arises on a Report and Recommendation of the Disciplinary Review Board that respondent be suspended for a period of six months.

 In this case, respondent sent a letter to the Chairman of U.S. Trust, his former employer, which included a thinly-veiled threat to reveal the "saga of the lax security in the computer operations at U.S. Trust" to an investigative reporter from the New York Post if U.S. Trust did not withdraw its demand for counsel fees from respondent in a federal suit. Respondent had sued U.S. Trust for wrongful discharge. U.S. Trust succeeded in having his case dismissed, and sought fees under federal Rule 11, which imposes sanctions for "frivolous" suits. The Disciplinary Review Board (DRB) found the sending of that threatening letter to be unethical, and we agree. Our concern is with the measure of discipline.

The Board majority likened this matter to cases in which attorneys threatened adversaries with criminal prosecution if

concessions were not made to their clients. *See In re Barrett,* 88 *N.J.* 450, 443 *A.*2d 678 (1982); *see also In re Hecker,* 109 *N.J.* 539, 538 *A.*2d 354 (1988) (unethical for attorney to threaten to continue a § 1983 lawsuit unless township rehired him).

■ Were we to believe that this information had any genuine coercive value, we would sustain the discipline recommended. No lawyer, even if acting in a personal capacity, should use a threat to disclose confidential information to obtain a favorable legal result. All that saves respondent from severe discipline is the bizarre nature of his threat. *See In re Milita,* 99 *N.J.* 336, 492 *A.*2d 380 (1985) (joking nature of reference to giving $1,000 to prosecutor's "favorite charity" mitigated against finding of corrupt intent). The New York Post could not have done much with printout information about staff assignments that was routinely available to U.S. Trust's employees.

We therefore temper the Board's recommendation in view of our finding that respondent's conduct, although improper conduct for an attorney, did not threaten harm to his former employer. In mitigation of respondent's conduct, we consider as well respondent's limited experience at the bar. We view the appropriate discipline as a public reprimand. Any further misconduct in advocacy on respondent's part "will be a basis for more drastic disciplinary action than is imposed herewith." *In re McAlevy,* 69 *N.J.* 349, 352, 354 *A.*2d 289 (1976). In addition, respondent is to reimburse the Ethics Financial Committee for appropriate administrative costs.

*For reprimand*—Chief Justice WILENTZ and Justices CLIFFORD, HANDLER, POLLOCK, O'HERN, GARIBALDI and STEIN—7.

*Opposed*—None.

## ORDER

It is ORDERED that LESLIE A. DIENES of METUCHEN, who was admitted to the bar of this State in 1981, be publicly reprimanded; and it is further

ORDERED that LESLIE A. DIENES reimburse the Ethics Financial Committee for appropriate administrative costs.